# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09cv63

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) ) ) Plaintiff/Counter ) Defendant, ) ) ) Vs. ) ) RANDY L. CASH; DEBORAH B. ) CASH; HOMESTEAD STEAK ) HOUSE, INC.; and ERIE ) INSURANCE COMPANY, ) ) Defendants/Counter- ) Plaintiffs, ) ) Vs. ) ) SAM DENTON, INC., d/b/a GENERAL ) BUILDING SYSTEMS; and GENERAL ) BUILDING SYSTEMS, LLC, ) ) Defendants. ) _____ ) | ROSEBORO ORDER |

**THIS MATTER** is before the court on defendants'/counter-plaintiffs' Motion to Dismiss or Alternatively to Stay Proceedings. The remaining defendants are proceeding *pro se* and will be advised in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) inasmuch as a dispositive motion has been filed.   S u c h

-1-

defendants are that Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. <u>Mansfield, C. & L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. <u>Capron v. Van Noorden</u>, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982). In <u>Richmond, Fredricksburg & Potomac R.R. Co. V. United States</u>, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. <u>Id</u>.; <u>Trentacosta v. Frontier Pacific Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary

> judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69.

Such defendants are further advised that such request for dismissal is based in large part on 28, United States Code, Section 2201(a), which provides that the court's exercise of jurisdiction over the claims asserted by the Plaintiff/Counter-Defendant is discretionary. Defendants/Counter-Plaintiffs argue that a number of factors would support either a dismissal or staying this action inasmuch as the same issue is already pending before the state court in which the underlying action was tried and resolved, that this action involves state issues of law, and that judicial economy would be better served in allowing the state court to address this issue (among other reasons).

While such motion is not specifically directed at such defendants, they are advised that the resolution of such motion will impact where this issue is decided. Such defendants are advised that they have the right to file a written response to the motion and that if they elect to so file, they must serve a copy of the response on each

attorney for all other parties, and they must certify that they have done so in a writing called a "certificate of service." The *pro se* corporate defendant (in the form of an LLC) is further advised and cautioned that it may only appear in this court through counsel and that any response on its behalf must be in a writing signed by an attorney.

All counsel as well as unrepresented parties are advised that the undersigned as well as the district court have addressed this issue on a number of occasions in the past year. See Crum & Forster Specialty Insur. Co. v. Tripple J Framing, Inc., 5:06cv160 (W.D.N.C. 2008); Galvatubing, Inc. v. Commonwealth Aluminum Tube Enterprises, Inc., 1:09cv3 (W.D.N.C. 2009); National Fire Insur. Co. of Hartford v. Robertson, 1:08cv516 (W.D.N.C. 2009); and Pennsylvania Nat'l Mut. Cas. Insur. Co. v. Carriage Park Assoc., LLC, 1:08cv363 (W.D.N.C. 2008). In only one case, The Cincinnati Insur. Co. v. Altamont Dev., LLC, 1:08cv492 (W.D.N.C. 2009), did this court allow a Section 2201 action to proceed, and that action was voluntarily dismissed last week after the court conducted a hearing on whether it should reconsider its exercise of discretion. As this type of action has both a recurring theme and recurring result, the court believes it best to put all parties on notice of the most recent thoughts of this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the *pro se* defendants have until May 4, 2009, to so respond as provided in this Order to defendants'/counter-plaintiffs' Motion to Dismiss or Alternatively to Stay Proceedings (#26).

Signed: April 21, 2009

Dennis L. Howell
United States Magistrate Judge